O
JS-6

# United States District Court
# Central District of California

TRISTAN AUSTIN,

               Plaintiff,

     v.

FLOWERS BAKERIES SALES OF SOCAL, LLC,

               Defendant.

Case № 2:25-cv-10510-ODW (SPx)

**ORDER GRANTING MOTION TO REMAND [12]; AND DENYING AS MOOT MOTION TO DISMISS [13]**

## I.     INTRODUCTION

Plaintiff Tristan Austin filed this putative wage-and-hour class action in state court against Defendant Flowers Bakeries Sales of SoCal, LLC.  (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-3.)  Defendant removed the action to this Court on the basis of diversity jurisdiction.  (NOR ¶ 7, Dkt. No. 1.)  Plaintiff now moves to remand for lack of subject matter jurisdiction.  (Mot. Remand ("Motion" or "Mot."), Dkt. No. 12.)  For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Los Angeles Superior Court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Plaintiff worked for Defendant as an hourly, non-exempt employee from February 2025 to May 2025. (Compl. ¶ 4.) Throughout the applicable statutory period, Defendant did not pay minimum and overtime wages, did not pay for accrued paid sick time, did not issue accurate wage statements, and did not pay final wages at separation of employment. (*Id.* ¶¶ 13, 18, 26, 31, 33.)

On September 23, 2025, Plaintiff filed this putative class action. (*Id.* ¶ 3.) The proposed class consists of Plaintiff and all current and former employees of Defendant who worked in California as hourly, non-exempt employees during the applicable class period. (*Id.* ¶ 35(A)–(G).)

Plaintiff asserts six causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to pay wages for accrued paid sick days; (4) failure to provide accurate wage statements; (5) failure to timely pay final wages at termination; and (6) unfair business practices. (*Id.* ¶¶ 37–170.)

On October 31, 2025, Defendant removed the action to this Court based on alleged diversity jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 7.) Defendant contends that this Court has original jurisdiction because the case involves citizens of different states and the amount in controversy exceeds $75,000.00. (*Id.*) Plaintiff now moves to remand the case for lack of subject matter jurisdiction, specifically with respect to the amount in controversy. (Mot. 1.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal

---

[2] All factual references derive from Plaintiff's Complaint, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

Under § 1332(a), there is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise.  *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper.  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).  Removal for lack of jurisdiction under § 1332(a) is strictly construed, and any doubt as to removal is to be resolved in favor of remand.  *Id.* at 773–74.

## IV.    DISCUSSION

The parties do not dispute that complete diversity exists.  (NOR ¶¶ 8–14; *see generally* Mot.)  They dispute, however, whether the amount in controversy exceeds the jurisdictional threshold of $75,000.00.  (Mot. 1; Opp'n 2, Dkt. No. 14.)   In its Notice of Removal, Defendant estimates that the amount in controversy is $120,550.63, including actual damages of $6,550.63 and anticipated attorneys' fees of $114,000.00.  (NOR ¶ 50.)  As attorneys' fees are dispositive to the issue of whether the amount in controversy is met, the Court assumes, without deciding, that the actual damages amount of $6,550.63 is in controversy and analyzes only the attorneys' fees.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  But a removing defendant must still "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the

evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

To calculate Plaintiff's attorneys' fees, Defendant estimates that Plaintiff's counsel will expend approximately 124 hours litigating Plaintiff's individual claims at an hourly rate of $760.00.[3]  (Opp'n 13–14.)  Defendant derives this rate from the blended hourly rate Plaintiff's counsel charged in another labor and employment case in this District.  (NOR ¶ 47; *see* Tobin Decl. ¶ 3.)  Using this hourly rate, Defendant asserts that Plaintiff's counsel likely has already expended 20 hours, totaling $15,200.00 in fees, for work related to the filing of Plaintiff's Complaint and Plaintiff's opposition brief to Defendant's Motion to Dismiss.  (Tobin Decl. ¶ 4.)  Defendant also asserts that Plaintiff's counsel will likely expend 104 additional hours, totaling $79,040.00 in attorneys' fees, in litigating Plaintiff's individual claims before trial begins.  (*Id.* ¶ 5).  Defendant argues that Plaintiff's attorneys' fees may thus total up to $92,240.00, exceeding the $75,000.00 jurisdictional threshold.  (*See id.*; Opp'n 13–14.)

Defendant fails to meet its burden with respect to attorneys' fees.  First, Defendant's estimate of attorneys' hours and rates is highly speculative.  Defendant offers no support for its assertion regarding the hours that Plaintiff's counsel has already expended or will expend in this case.  Although Defendant cites an out-of-district case involving Plaintiff's counsel, Defendant does not attempt to analogize that case to the facts here, even though Defendant bears the burden to prove that removal is proper.  (*See* Opp'n 1–2; Tobin Decl. ¶ 3.)  Instead, Defendant simply attaches Plaintiff's counsel's declaration from that out-of-district case, which Plaintiff filed there in support of Plaintiff's motion for attorneys' fees and costs and represented

---

[3] In its Notice of Removal and Opposition, Defendant asserts two different total hours forecasts (150 hours and 124 hours).  (NOR ¶¶ 49–50; Opp'n 13–14; Decl. Frank L. Tobin ISO Opp'n ("Tobin Decl.") ¶ 5, Dkt. No. 14-1.)  These assumptions result in different estimates.  As Defendant's Opposition represents its most recent filing, and because Defendant provides declaration testimony in support of the 124-hour assumption, the Court accepts this figure as the input on which Defendant relies to estimate the attorneys' fees.  (Tobin Decl. ¶ 5; Opp'n 13–14.)

that one of Plaintiff's counsel's hourly rate was $725.00.  (Tobin Decl. Ex. A, Dkt. No. 14-2.)  Defendant argues that, because counsel's hourly rates in that case ranged between $925.00 and $625.00, "a blended hourly rate" of $760.00 is reasonable for Plaintiff's counsel's firm here.  (NOR ¶ 3; Opp'n 13; Tobin Decl. ¶¶ 3–4.)  Even if the Court accepts Defendant's hourly rate assumption based on the fees sought in another case, it cannot simply conclude that it is "more likely than not" that Plaintiff "may incur a similar fee award."  *Kaplan Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award.").

Second, any attorneys' fees must be divided among the class members, bringing Defendant's amount in controversy estimate well below the jurisdictional minimum. In a putative class action, attorneys' fees "cannot be allocated solely to [the named] plaintiffs for purposes of amount in controversy."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001); *see Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1178 (9th Cir. 2025) ("[The removing defendant] must plausibly allege that at least one class member could recover more than $75,000.00.").  Here, Plaintiff brings this case as a putative class action.  As such, the Court cannot attribute Defendant's total estimated attorneys' fees solely to Plaintiff for purposes of the amount in controversy calculus.  *Gibson*, 261 F.3d at 942.

Defendant's attempts to distinguish *Gibson* and *Rosenwald* fail.  Defendant contends that, unlike the defendants in *Gibson* or *Rosenwald*, Defendant here does not "improperly include[] the attorneys' fees for the entire class" and attribute it to Plaintiff.  (Opp'n 4.)  Instead, Defendant asserts that "its fee estimate for removal purposes [is] based on Plaintiff's *individual claims*, assuming no class will ever be certified."  (*Id.*)  Defendant appears to argue that even if this case did not proceed as a class action, Plaintiff's attorneys' fees still exceed the amount in controversy threshold.  However, Defendant ignores that this *is* a class action.  As discussed

above, as a putative class action, attorneys' fees cannot be allocated solely to Plaintiff for purposes of calculating the amount in controversy. *Gibson*, 261 F.3d at 942.

Defendant's final attempt to distinguish *Gibson* and *Rosenwald*, by arguing that those cases involved different fee-shifting provisions, also fails. For example, Defendant argues that "*Rosenwald* was a Consumer Legal Remedies Act [("CLRA")] matter where the plaintiff claimed attorneys' fees under [California] Civil Code section 1780, not the statutes upon which Plaintiff seeks attorney's fees." (Opp'n 5.) In Defendant's view, "*Rosenwald* only analyzed whether attorneys' fees sought in a class action could be attributed to the named plaintiff" and it "does not apply here because Plaintiff seeks fees under sections 218.5, 226, and 1194 of the California Labor Code for his individual claims.' (*Id.*)

Neither *Gibson* nor *Rosenwald* mandate such a narrow reading. In *Gibson*, the court based its finding on the language of the authorizing statute, which provides that a court may award attorneys' fees "to a successful party," rather than to a named or representative party. *Gibson*, 261 F.3d at 942–43 (quoting Cal. Civ. Proc. Code § 1021.5). Likewise, in *Rosenwald*, the court based its holding on the language of the relevant authorizing statute, which awards "'attorney's fees to a prevailing plaintiff,' not just a prevailing named plaintiff." *Rosenwald*, 152 F.4th at 1179 n.3 (quoting Cal. Civ. Code § 1780(e)). Indeed, Plaintiff bases his attorneys' fees claim on California Labor Code sections 218.5, 226, and 1194. (Compl. ¶ 1.) However, Defendant ignores that the relevant California Labor Code sections at issue here include language analogous to that in the statutes at issue in *Gibson* and *Rosenwald*. *See* Cal. Lab. Code § 218.5 (providing that a court shall award attorneys' fees "to the prevailing party"); *id.* § 226 (stating that "an employee suffering injury" is entitled to attorneys' fees); *id.* § 1194 (declaring that "any employee" that suffered a violation is entitled to attorneys' fees). Therefore, the holdings in *Gibson* and *Rosenwald* apply with equal force here, and Defendant's arguments to the contrary are unavailing.

Accordingly, the Court finds that Defendant has failed to carry its burden to show, by a preponderance of the evidence, that the attorneys' fees should be included in the amount in controversy calculation. *Fritsch*, 899 F.3d at 795 ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."). Without considering the attorneys' fees, the amount in controversy here yields a maximum of $6,550.63, falling short of the $75,000.00 jurisdictional threshold.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, (Dkt. No. 12), and **REMANDS** this action to Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, Case No. 25STCV28273.

In light of the above disposition, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss. (Dkt. No. 13.)

All dates are hereby **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

January 12, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**